IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>　　Plaintiff,<br><br>v.<br><br>BL AESTHETICS LLC d/b/a CAVINA WELLNESS; BLAIR LINSLEY, individually; and DOES 1-10, inclusive,<br><br>　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR**<br><br>　(1) **COPRYRIGHT INFRINGEMENT**<br>　(2) **FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TAMARA WAREKA p/k/a TAMARA WILLIAMS by and through her undersigned counsel, brings this Complaint against Defendants, BL AESTHETICS LLC d/b/a CAVINA WELLNESS; BLAIR LINSLEY, individually; and DOES 1-10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.　This is a civil action seeking damages and injunctive relief for copyright infringement, removal of copyright management information, and falsification of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. and 17 U.S.C. § 1202.

## PARTIES

2. Tamara Williams ("Williams") is an individual and professional photographer residing in Germany.

3. Upon information and belief, Defendant BL Aesthetics LLC d/b/a Cavina Wellness ("Cavina") is a Georgia limited liability company with its principal place of business at 11800 Haynes Bridge Rd., Unit 1 Suite 206, Alpharetta GA 30009.

4. Upon information and belief, Defendant Blair Linsley ("Linsley") is an individual residing and/or transacting business in the State of Georgia.

5. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

6. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendants named in this caption.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State the State of Georgia and/or Defendants transact business in the State of Georgia.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## FACTUAL ALLEGATIONS

10. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

11. Williams' work has been featured in top publications such as Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

12. Williams's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work deters would-be infringers from copying and profiting from her work without permission.

13. Williams is the sole author and exclusive rights holder to a photograph of a female model wearing winged eyeliner, with a strand of blonde hair partially covering her face, and a unique watermark bearing the name of Williams' second Instagram account, "@tamarawilliams1" ("Plaintiff's Watermark"), visible within the model's hair right above her nose ("Angelia Photograph").

14. Attached as Exhibit A is a true and correct copy of the Angelia Photograph.

15. Williams registered the Angelia Photograph with the United States Copyright Office under Registration Number VAu 2-259-542 with an Effective Date of Registration of July 13, 2021.

16. Attached as Exhibit B is a true and correct copy of the Copyright Registration Certificate for the Angelia Photograph.

17. Cavina is a is a medical spa offering services such as neurotoxins, fillers, aesthetic body treatments, laser hair removal, weight loss, and more. *See generally* https://www.cavinawellness.com/.

18. At all relevant times, Linsley was the principal officer, owner, or

member of Cavina.

19. Upon information and belief, Cavin and Linsley control and manage the website https://www.cavinawellness.com/ ("Cavina Website").

20. Upon information and belief, Cavina owns and operates the Instagram account @cavinawellness, previously known as @cavinamedpa https://www.instagram.com/cavinawellness/ ("Cavina Instagram Account").

21. The Cavina Instagram Account contains an active hyperlink ("Instagram Hyperlink") which will take the user to the another website, https://linktr.ee/cavinawe, which provides additional hyperlinks which allow the user to book an appointment through the Cavina Website and also learn about Cavina's monthly specials.

22. Attached as Exhibit C is a true and correct screenshot of the Cavina Instagram Page including the access location of the Instagram Hyperlink

23. At all relevant times, the Cavina Website and Cavina Instagram Account were readily accessible to the general public throughout Georgia, the United States, and the world.

24. Linsley and Cavina generate content on the Cavina Website and Cavina Instagram Account for commercial purposes to attract user traffic to Cavina, to market and promote Cavina's services and products, and to increase the customer base and revenue for the company.

25. At all relevant times, Cavina and Linsley and had a direct financial interest in the content and activities of the Cavina Website and Cavina Instagram Account (including the activities alleged in this Complaint).

26. At all relevant times, Cavina and Linsley had the ability to supervise and control all content on the Cavina Website and Cavina Instagram Account.

27. At all relevant times, the Defendants named in this Complaint (including Cavina and Linsley) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

### *Defendants Unauthorized Use of the Angelia Photograph and Willful Infringement*

28. On or about October 19, 2023, Williams discovered her Angelia Photograph being used in a post on the Cavina Instagram Account with added text advertising reduced prices on lip filler services, and the caption "Come join us March 16 for National Lip Day at Cavina Med Spa! In honor, we will offer reduced prices on lip filler. The FIRST FOUR to sign up will be able to receive a fill syringe for $550 or a half syringe for $300. Any other bookings for that day will receive a FULL SYRINGE for $600 or a HALF SYRINGE for $350 + a FREE GIFT" ("Instagram Post").

29. Attached hereto as Exhibit D is a true and correct screenshot of the

Angelia Photograph as used in the Instagram Post on the Cavina Instagram Account.

30. In the Instagram Post, Defendants added their tradename "Cavina Med Spa" as a watermark at the top of the Angelia Photograph, above the added text ("Defendant's Watermark"). *See* Exhibit D.

31. In the Instagram Post, Defendants cropped the Angelia Photograph so that Plaintiff's Watermark is cut off and also blurred out Plaintiff's Watermark so it is no longer visible in the Angelia Photograph. *See* Exhibit D.

32. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's Angelia Photograph, showing Plaintiff's Watermark, along with a true and correct copy of the Instagram Posts, zoomed in, showing where Defendants blurred out or otherwise covered Plaintiff's Watermark.

33. The purpose of the use of the Angelia Photograph on the Cavina Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Cavina's marketing goals to entice users to book an appointment for services with Cavina.

34. The purpose of the use of the Angelia Photograph in the Instagram Post was to promote Cavina's Lip Filler services and the special pricing offered for National Lip Day on Cavina's Lip Filler services by providing visual content in the form of a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved with Cavina's Lip Filler services.

35. Williams did not provide permission or authorization to Cavina or Linsley to use, make a copy of, or publicly display the Angelia Photograph on the Cavina Instagram Account with or without the modifications to Plaintiff's watermark.

36. Linsley and Cavina (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Angelia Photograph, modified Plaintiff's watermark, and caused it to be uploaded to and displayed on the Cavina Instagram Account.

37. Linsley and Cavina (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Williams's original and unique Angelia Photograph in order to acquire a direct financial benefit, through revenue from the sales of Cavina's services and products, from the use of the Angelia Photograph.

38. After discovering the unauthorized use of the Angelia Photograph, Williams, through his counsel, sent correspondence to Cavina in an attempt to resolve this matter.

39. The parties were unable to resolve the matter.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101,** *et seq.*

40. Williams incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

41. Williams owns a valid copyright in the Angelia Photograph.

42. Williams registered the Angelia Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43. Defendants (including the employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Williams's unique and original Angelia Photograph without Williams's consent or authorization in violation of 17 U.S.C. § 501.

44. Defendants willfully and deliberately infringed upon Williams's rights in her copyrighted Angelia Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew Plaintiff's Watermark indicated Williams was the owner of the Angelia photograph, and Defendants knew, or should have known, they did not have a legitimate license or permission to use Angelia Photograph.

45. As a result of Defendants' violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

46. As a result of Defendant's violations of Title 17 of the U.S. Code, Williams is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Williams's election, statutory damages in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

47. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## SECOND CAUSE OF ACTION
## FALSE COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202(a)

48. Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) knowingly and intentionally falsified, copyright management information related to the Angelia Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Angelia Photograph.

50. Specifically, Defendants made an unauthorized copy of the Angelia Photograph, and knowing it was not the rightful copyright owner of the Angelia Photograph, added its own tradename, Cavina Med Spa, to the Angelia Photograph before incorporating the Angelia Photograph in the Instagram Post on the Cavina Instagram Account.

51. Further, Defendants intended to enable and conceal their infringement by intentionally cropping, blurring, or otherwise concealing Plaintiff's Watermark, as it was included in the original image, and using Cavina's tradename, Cavina Med

Spa, to mislead the public to believe that Cavina or Linsley was the rightful copyright owner of the Angelia Photograph.

52. Defendants conduct constitutes a violation of 17 U.S.C. § 1202(a).

53. As a result of Defendant's violations of 17 U.S.C. § 1202(a), Williams has sustained significant injury and irreparable harm.

54. As a result of Defendant's violations of 17 U.S.C. § 1202(a), Williams is entitled to any actual damages and profits attributable to the violations of 17 U.S.C. § 1202(a), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Williams prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Williams's copyright interest in the Angelia Photograph by copying and displaying it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Williams's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For a finding that Defendants knowingly provided false copyright management information on the Angelia Photograph with the intent to induce, enable, facilitate, or conceal infringement of the Angelia Photograph, pursuant to 17 U.S.C. § 1202(a);

- For an award of statutory damages for each violation of § 1202(a) in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505 and § 1203(b);

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: July 5, 2024                              Respectfully submitted,

                                                 **/s/ Jayma C. Leath**
                                                 Jayma C. Leath, Esq.
                                                 GA State Bar No. 639678
                                                 **HIGBEE & ASSOCIATES**
                                                 3110 W. Cheyenne #200,
                                                 N Las Vegas, NV, 89032
                                                 (714) 617-8350
                                                 (714) 597-6729 facsimile
                                                 jleath@higbee.law
                                                 *Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams, hereby demands a trial by jury in the above matter.

Dated: July 5, 2024

Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
GA State Bar No. 639678
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbee.law
*Counsel for Plaintiff*